UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

Martin Demetrio Morales,

     Plaintiff,

     v.                                        Civil Action No. 1:12-CV-247

Andrew Pallito, Greg Hale,
Chittenden Regional Correctional Facility,
Northern State Correctional Facility,
Northwest State Correctional Facility,

     Defendants.

## **REPORT AND RECOMMENDATION**
(Docs. 13, 14, 18, and 19)

Plaintiff Martin Morales, a Vermont inmate proceeding *pro se* who is currently incarcerated at the Northwest State Correctional Facility, commenced this civil rights action on November 2, 2012 pursuant to 42 U.S.C § 1983. In his Complaint, Morales alleges that he is frequently placed in the same cell with convicted sex offenders despite "being at a high risk for [] sexual assault," and despite promises by prison employees that such residency assignments would not occur. (Doc. 4 at 3.) Discovery in this case has yet to commence.

Before the Court are two motions for summary judgment (Docs. 13, 18), a motion for a speedy trial (Doc. 14), and a motion for a hearing (Doc. 19), all filed by Morales. For reasons set forth below, I recommend that the summary judgment motions be denied as premature, and the motions for a speedy trial and a hearing are DENIED.

## I. Summary Judgment Motions

"A party moving for summary judgment bears the initial burden of demonstrating that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law." *Roebuck v. Hudson Valley Farms, Inc.*, 208 F.R.D. 34, 35 (N.D.N.Y. 2002) (citing Fed. R. Civ. P. 56(c) and *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)). Generally speaking, it is appropriate for a party to move for summary judgment *after* both sides have had a meaningful opportunity to conduct discovery. *See, e.g., Hellstrom v. United States Dep't of Veteran Affairs*, 201 F.3d 94, 97 (2d Cir. 2000) ("Only in the rarest of cases may summary judgment be granted against a [party] who has not been afforded the opportunity to conduct discovery."); *Berger v. United States*, 87 F.3d 60, 65 (2d Cir. 1996) (explaining a nonmovant is entitled to have an opportunity to discover information essential to its opposition); *Sutera v. Schering Corp.* 73 F.3d 13, 18 (2d Cir. 1995) (reversing the trial court's grant of summary judgment in case where no discovery took place).

The present suit commenced on November 2, 2012, when Morales filed his Complaint. (Doc. 4.) All Defendants have waived service of the summons and complaint (Docs. 6, 7, 8, 9, 10, 16, 17), giving them until January 4, 2013—60 days—to file an answer. *See* Fed. R. Civ. P. 12(a)(1)(A). No Defendant has filed an answer, and, naturally, no party has yet had a meaningful opportunity to conduct pre-trial discovery. As there may be material questions of fact with respect to Morales's cell placement, it would be premature for the Court to entertain either of his motions for summary

judgment. I therefore recommend the Court DENY both motions (Docs. 13, 18) without prejudice, subject to renewal.

## II. Order on Motions for a Speedy Trial and Hearing

Morales has filed a motion seeking a speedy trial "pursuant to the Federal Rules of Civil Procedure." (Doc. 14.) He also moves the Court to schedule a hearing on his motions for summary judgment and his speedy trial request. (Doc. 19.) Again, given the procedural posture of this case, scheduling a hearing with respect to Morales's motions for summary judgment is unnecessary at this time. It also appears that Morales's motion for a "speedy trial" is misplaced. The Speedy Trial Clause of the Sixth Amendment guarantees an accused person a right to a speedy trial. This protection is inapplicable to civil proceedings. *United States v. Marion*, 404 U.S. 307, 313 (1971) ("On its face, the protection of the [Sixth] Amendment is activated only when a criminal prosecution has begun and extends only to those persons who have been 'accused' in the course of that prosecution."); *United States v. Commey,* 452 F. App'x 21, 2011 WL 6157298 (2d Cir. 2011). The Speedy Trial Act of 1974, codified at 18 U.S.C. §§ 3161-3174, provides an accused person with a statutory right to a speedy trial, but that right again applies only to criminal cases. *See Zedner v. United States*, 547 U.S. 489, 492 (2006) (explaining that the Federal Speedy Trial Act of 1974 governs criminal trials). This is a civil rights lawsuit, to which no constitutional or statutory right to a speedy trial applies.

To the extent that Morales seeks prompt resolution of this matter, he can rest assured that Defendants must file their responsive pleadings—and discovery will

commence—shortly. Accordingly, for the reasons discussed above, both the motion for a hearing (Doc. 19) and motion for a speedy trial (Doc. 14) are DENIED without prejudice.

SO ORDERED.

Dated at Burlington, in the District of Vermont, this 18th day of December, 2012.

/s/ John M. Conroy
John M. Conroy
United States Magistrate Judge

Any party may object to this Report and Recommendation within fourteen days after service thereof, by filing with the Clerk of the Court and serving on the Magistrate Judge and all parties, written objections which shall specifically identify those portions of the Report and Recommendation to which objection is made and the basis for such objections. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(d), 72(b)(2); L.R. 72(c). Failure to timely file such objections "operates as a waiver of any further judicial review of the magistrate's decision." *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15, 16 (2d Cir. 1989).